UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHAHN GILES,<br><br>        *Defendant*. | Criminal Action No. 20-206 (RDM) |

## ORDER

Defendant Shahn Giles moves for review of the Magistrate Judge's order that he be detained pending trial. Dkt. 23; Dkt. 28; *see also* 18 U.S.C. § 3145(b). The government opposes his motion. Dkt. 26. For the reasons explained below, the Court will deny Giles's motion.

Under the Bail Reform Act of 1984, 18 U.S.C. § 3141 *et seq.*, if a judicial officer finds after conducting a hearing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial." 18 U.S.C. § 3142(e). In making this assessment, the default is generally that a defendant should be released pending trial, but the Bail Reform Act creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure . . . the safety of the community if . . . there is probable cause to believe that the person committed" one of an enumerated list of crimes. *United States v. Taylor*, 289 F. Supp. 3d 55, 62 (D.D.C. 2018) (quoting 18 U.S.C. § 3142(e)(2)). Once the presumption is triggered, the defendant, at a minimum, bears a burden of production, and he must offer at least some credible evidence showing that his case falls "outside the

congressional paradigm" giving rise to the presumption. *Id.* (quoting *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010)).

If the defendant meets his burden of production, the presumption "does not disappear entirely but remains a factor to be considered among those weighed by the district court." *Id.* (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Beyond the presumption, the Bail Reform Act specifies four factors a judicial officer must "take into account" in determining whether any conditions of release "will reasonably assure . . . the safety of any other person" and the community: (1) "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, . . . or . . . involves . . . a controlled substance [or] firearm;" (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release." 18 U.S.C. § 3142(g).

Under 18 U.S.C. § 3145(b), a defendant ordered detained by a magistrate judge may file "a motion for revocation or amendment to the order" with "a court having original jurisdiction over the offense." 18 U.S.C. § 3145(b). Although the D.C. Circuit has yet to opine on the question, substantial precedent supports the view that a magistrate judge's detention order is subject to *de novo* review by the district court, *see United States v. Hunt*, 240 F. Supp. 3d 128, 132 (D.D.C. 2017) (identifying cases supporting this proposition from the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits), and this Court has previously followed that course, *Taylor*, 289 F. Supp. 3d at 66.

Here, Defendant has been charged with unlawful possession with intent to distribute 40 grams or more of fentanyl in violation of 28 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vi). Because those charges carry a maximum term of imprisonment of ten years or more under the Controlled

Substances Act, Defendant is subject to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of [Defendant] as required and the safety of the community." 18 U.S.C. § 3142(e)(3)(A). Defendant acknowledges that the presumption applies in his case. *See* Dkt. 23 at 1. But Defendant argues that the presumption is rebutted because he has "no substantial criminal history, much less one for violence" and "[h]e was not arrested in actual possession of a weapon." *Id.* at 2. Defendant proposes that, if released, he would remain in "lockdown" 24 hours per day, 7 days per week at his mother's new house and would work from home in a job that his mother has arranged for him. *Id*. On October 30, 2020, the Court held a motion hearing at which Defendant's mother testified as to her willingness to take responsibility for her son if he were released. *See* Minute Entry (Oct. 30, 2020). Although impressed by Ms. Giles's testimony, the Court concludes that the factors set forth in 18 U.S.C. § 3142(g) weigh in favor of Defendant's continued detention.

The first factor, the nature and circumstances of the offense, weighs slightly in favor of detention. Defendant is accused of possessing with intent to distribute a large amount of fentanyl. He faces a five-year mandatory minimum if convicted, which reflects the severity of the charges against him. Dkt. 26 at 4. Although the government does not contend that Defendant possessed a firearm, the distribution of such a dangerous drug poses a grave danger to the community.

The second factor, the weight of the evidence, also weighs in favor of detention. Defendant was subject to a judicially authorized search warrant, was found in actual possession of narcotics, and the recovery of the narcotics was allegedly captured on the arresting officers' body-worn cameras. Dkt. 26 at 4–5. The evidence against Defendant is thus strong.

3

The third factor, the history and characteristics of the defendant, weighs most heavily in favor of Defendant's detention. At the time Defendant was arrested in this case, he was on pretrial release and in the High-Intensity Supervision Program ("HISP") for a case in the Superior Court of the District of Columbia. Dkt. 26 at 5–6. In that case, Defendant was apprehended with narcotics and a loaded firearm with a high capacity magazine. *Id*. Given that Defendant committed the instant offense while on pretrial release, the Court is unpersuaded that releasing him again would not lead to further conduct of the type alleged. Even requiring Defendant to remain in his mother's home around the clock may not be effective, given his prior violations of the conditions of his release.

Finally, with respect to danger to the community, the Court observes that fentanyl is an extremely dangerous drug that has caused great harm in the community. Given that Defendant has allegedly distributed narcotics while on pretrial release in the past, releasing him would pose a danger to the community. The 18 U.S.C. § 3142(g) factors thus support Defendant's continued pretrial detention.

## CONCLUSION

For the reasons explained above, it is hereby **ORDERED** that Defendant's motion for release pursuant to 18 U.S.C. §§ 3145(b) and 3142(e), see Dkt. 23; Dkt. 28, is **DENIED**. Defendant's motion also mentions that he "has a medical condition (irregular heartbeat), which places him at high risk for serious complications from COVID-19." Dkt. 23 at 1. If Defendant would like to seek his release on the ground that his health condition exposes him to heightened risk from the pandemic

while detained, he may do so in a separate motion, supported by medical evidence and legal analysis relating to the availability of release pending trial based on any such medical concerns.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  November 2, 2020